# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUZANNA DELEON, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| TROPICAL NUT & FRUIT CO., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Suzanna DeLeon, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the

Atlanta Division of the Northern District of Georgia.

3.      Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. A.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Fulton County, Georgia.

6. Defendant is a Foreign Profit Corporation based in North Carolina and operating in both Charlotte, North Carolina and Lithia Springs, Georgia

7. Defendant has a principal office in Georgia, located at 350 Riverside Pkwy, Lithia Springs, GA 30122.

8. Plaintiff primarily worked remotely from her home in Fulton County, Georgia.

9. This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

10. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, Gar Perkins, 350 Riverside Parkway, Lithia Springs, Georgia 30122.

11. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. FACTUAL ALLEGATIONS

12. Plaintiff was employed by Tropical Nut & Fruit Co. ("Defendant") from April 1, 2019, to July 8, 2020.

13. During the events in question, Plaintiff was employed by Defendant as a Territory Manager.

14. At all times relevant to this Complaint, Plaintiff was supervised by Mr. Gar Perkins.

15. At all times relevant to this Complaint, Defendant utilized a Customer Relations Management system called "HubSpot."

16. At all times relevant to this Complaint, Plaintiff utilized HubSpot.

17. On or about February 2, 2020, Plaintiff had a mass removed from her abdomen and was hospitalized through February 8, 2020.

18. On or about March 6, 2020, Plaintiff became ill with an infection related to complications from the surgical procedure and was hospitalized for a week.

19. Plaintiff's doctor requested that Defendant allow Plaintiff to work from home for thirty days following her hospitalization.

20. Plaintiff was laid off from March 20, 2020 through May 3, 2020.

21. On or about May 4, 2020, Plaintiff returned to work and was permitted to work remotely.

22. In or around June 2020, Plaintiff emailed Ms. Lisa Smith that HubSpot would not allow Plaintiff to upload information.

23. In or around June 2020, Defendant terminated all Territory Managers except Plaintiff.

24. Upon information and belief, Defendant kept Plaintiff employed because, unlike the other Territory Managers, Plaintiff lived in the region she was responsible for covering.

25. On or about June 25, 2020, Defendant told Plaintiff she would need to work in-person four to five days a week as Plaintiff's position was no longer remote.

26. Defendant told Plaintiff that she was expected to use HubSpot more frequently.

27. Defendant told Plaintiff that she would be considered to have voluntarily resigned if she did not physically come into the office the next day.

28. Defendant did not tell Plaintiff that her use of HubSpot could be grounds for her termination.

29. Plaintiff told Defendant that she would be unable to work remotely due to her

medical condition.

30. On or about June 26, 2020, Plaintiff submitted a doctor's note stating that Plaintiff needed to work remotely for thirty (30) days with a possible extension due to Plaintiff's compromised immune system.

31. Functions of the immune system are considered a major life activity under 42 U.S.C. § 12102 (2)(b).

32. Plaintiff's compromised immune system substantially limits one or more major life activities.

33. On or about July 6, 2020, Plaintiff was notified by her doctor's office that Ms. Kimberley Tallent, Human Resources Generalist, tried to contact Plaintiff's doctor for more information on Plaintiff's condition.

34. Plaintiff did not give Defendant permission to contact her doctors for more information.

35. Plaintiff's doctor sent an updated note to Defendant stating that Plaintiff could attend training if specific COVID-19 protocols were followed.

36. The updated doctor's note stated that Plaintiff still needed to work remotely for thirty (30) days with a possible extension due to Plaintiff's compromised immune system.

37. On or about July 7, 2020, Mr. Juan Gomez, Human Resources Director, confirmed receipt of Plaintiff's note from her doctor.

38. On or about July 8, 2020, Defendant terminated Plaintiff.

39. Upon information and belief, Plaintiff was terminated for lack of performance.

40. Plaintiff had utilized HubSpot as frequently as her position would allow up until her termination.

41. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 25, 2020.

42. Plaintiff received her EEOC Dismissal and Notice of the Right to Sue on February 24, 2021.

43. On May 25, 2021 Plaintiff and Defendant entered into a Tolling Agreement to toll the statute of limitations for the claims presented herein, to June 25, 2021. Said Tolling Agreement is attached hereto as 'Exhibit B'.

44. On June 25, 2021 Plaintiff and Defendant entered into a second Tolling Agreement to toll the statute of limitations for the claims presented herein, to August 24, 2021. Said Tolling Agreement is attached hereto as 'Exhibit C'.

## IV.  CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

45. Plaintiff incorporates by reference paragraphs 1-44 of her Complaint as if fully set forth herein.

46. Plaintiff is a member of a protected class by virtue of her disability. *Para*. 17-19; 29-32.

47. Defendant was aware of Plaintiff's disability. *Paras*. 19, 29-30, 33-37.

48. Plaintiff was qualified for the position at issue.  *Para*. 12.

49. Plaintiff suffered the adverse action of termination.  *Para.* 38.

50. The circumstances of Plaintiff's termination raise a reasonable inference that it was motivated by her disability.

51. Plaintiff is unaware of any similarly-situated disabled employees working for Defendant during the time period in question in this Complaint.

52. Defendant's business reason for termination is pretextual because Defendant retained Plaintiff when other similarly-situated employees were terminated. See para. 23-24.

53. Defendant's business reason for termination is pretextual because Plaintiff's use of HubSpot was sufficient enough for Defendant to employ her for fifteen

months. See para. 12, 15-16.

54. Defendant's business reason for termination is pretextual because Defendant never claimed Plaintiff's use of HubSpot was grounds for termination. See para. 25-28.

## COUNT II: ADA FAILURE TO ACCOMMODATE

55. Plaintiff incorporates by reference paragraphs 1-54 of her Complaint as if fully set forth herein.

56. Plaintiff is a qualified individual with a disability as described. *Para.* 17-19; 29-32.

57. Defendant was aware of Plaintiff's disability. *Para.* 19, 29-30, 33-37.

58. Plaintiff informed Defendant of her needed accommodations. *Para.* 19, 29-30, 35-36

59. Plaintiff's requested accommodation was reasonable, effective, and would not have posed an undue hardship to Defendant.

60. Defendant failed to provide said accommodation. *Para.* 25, 37-38.

61. Defendant failed to engage in the interactive process to present an alternative accommodation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 24th of August, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

s/ Paige M. Kovalchik
Paige M. Kovalchik
Georgia Bar No. 991875
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (678) 200-3775
F: (877) 352-6253
pmk@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 24th of August, 2021.

                              THE KIRBY G. SMITH LAW FIRM, LLC

                              s/ Paige M. Kovalchik
                              Paige M. Kovalchik
                              Georgia Bar No. 991875
                              Kirby G. Smith
                              Georgia Bar No. 250119
                              *Attorneys for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (678) 200-3775
F: (877) 352-6253
pmk@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 24th of August, 2021.

                                            THE KIRBY G. SMITH LAW FIRM, LLC

                                            s/ Paige M. Kovalchik
                                            Paige M. Kovalchik
                                            Georgia Bar No. 991875
                                            Kirby G. Smith
                                            Georgia Bar No. 250119
                                            *Attorneys for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (678) 200-3775
F: (877) 352-6253
pmk@kirbygsmith.com